FILED

2015 Jun-17  AM 08:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIE THIGPEN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No. 2:14-cv-00426-WMA-HGD |
| | ) | |
| CHRISTIAN HILL, et al., | ) | |
| | ) | |
| Defendants | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Willie Thigpen, hereinafter referred to as the plaintiff, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged during his incarceration. (Doc. 1).   The plaintiff names as defendants former Correctional Officer Christian Hill, Correctional Officer Hart, Warden Cheryl Price, Warden Cedric Specks, Warden Lloyd Hicks, Alabama Department of Corrections Commissioner Kim Thomas, and Governor Robert Bentley.  He seeks declaratory and injunctive relief, along with $500,000 compensatory and punitive damages.

In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation.  *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

## I.  Standard of Review

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  Where practicable, the court may *sua sponte* dismiss a prisoner's complaint prior to service.  See 28 U.S.C. § 1915A(a).

A dismissal pursuant to § 1915A (b)(1) for failure to state a claim is governed by the same standards as dismissals for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  *See Jones v. Bock*, 549 U.S. 199, 215 (2007).   To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted).  A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Because

"[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys[,]" they are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

## II. Factual Allegations

The plaintiff is currently an inmate in the custody of the Alabama Department of Corrections (ADOC) in the Donaldson Correctional Facility. (Doc. 1). Between January and March of 2013, the plaintiff was compelled to perform sexual acts upon former Correctional Officer Christian Hill because of Hill's position of authority over him. (*Id*. at 3). Correctional Officer Hart was aware of the situation.[1] (*Id*.). The plaintiff reported the incidents to the Investigation and Intelligence Division (I&I) of the ADOC. (*Id*.). The subsequent investigation conducted by I&I substantiated the plaintiff's allegations. (*Id*.). As of May 16, 2013, Officer Hill was no longer employed with the ADOC, and the I&I forwarded the plaintiff's complaint to the Jefferson County District Attorney's Office. (Doc. 1 at 9).

On July 18, 2013, while Officers Hart and Aaron were searching the plaintiff's cell, Officer Hart gripped the plaintiff's buttocks, causing two of Hart's fingers to enter therein. (Doc. 1 at 3). The plaintiff reported the incident to Lt. Arthur and Lt.

---

[1] According to the attachments to the complaint, Hart not only was aware of the situation, but actively assisted Hill by helping with logistics. (Doc. 1 at 5-8).

Pope, but they did not believe the plaintiff and told him it would be his word against the officer's word. (*Id.*). The plaintiff then reported the incident to the I&I, who commenced an investigation which was still pending upon the filing of this complaint. (*Id.*).

### III.  Discussion

### A.  Defendants Hill and Hart

The plaintiff makes allegations of improper sexual contact against both Officer Hart and former Officer Hill.  Claims alleging physical or sexual abuse of inmates are analyzed under the Eighth Amendment, which forbids the imposition of cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  Prison officials violate the Eighth Amendment through "the unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, however, provided that use of force is not of sort "repugnant to conscience of mankind." *Hudson v. McMillian*, 503 U.S. 1 (1992).

In *Boddie v. Schneider, 105* F.3d 857, 859–61 (2d  Cir. 1997), the Second Circuit held that the sexual abuse of an inmate by a corrections officer may reach constitutional dimensions and give rise to an Eighth Amendment claim under Section

1983.  The Eleventh Circuit has since agreed and held that "severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment." *Boxer X v. Harris,* 437 F.3d 1107, 1111 (11th Cir. 2006).

In order to establish an Eighth Amendment claim, a plaintiff must prove both an objective and subjective component; that the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation and that "the officials act[ed] with a sufficiently culpable state of mind," *i.e.*, that they acted "maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 6–8 (1992).  Thus, to state an Eighth Amendment claim based on a prison official's sexual abuse of a prisoner, the plaintiff must allege a wrongdoing which was objectively sufficiently harmful, as well as facts demonstrating that the official had a subjectively culpable state of mind.  *Reid v. Secretary, Fla. Dept. Of Corr.*, 486 Fed. Appx. 848, 851 (11th Cir. 2012)*; Boxer X v. Harris,* 437 F.3d at 1111.

In this case, the facts as alleged warrant a response from both defendant Hill and defendant Hart.  The undersigned is cognizant that the plaintiff has alleged that Hart committed only one physical act, and generally courts hold that a single isolated incident of inappropriate touching does not constitute an Eighth Amendment violation.  *See, Robinson v. Davis*, 2008 U.S. Dist. LEXIS 111862 at 40–41 (N.D.Fla. Dec. 23, 2008) (listing cases in which the courts held that single groping or touching

incidents by prison officials, while offensive and inappropriate, do not amount to Eighth Amendment violations). However, given Hart's alleged involvement in the earlier conduct by Hill, the court finds a response from Hart is warranted.

**B**. **Supervisory Defendants**

The plaintiff also names as defendants Warden Cheryl Price, Warden Cedric Specks, Warden Lloyd Hicks, former Alabama Department of Corrections Commissioner Kim Thomas, and Governor Robert Bentley. However, he makes no allegations against any of these defendants. To the extent the plaintiff seeks to assert liability because of any supervisory capacity the defendants may possess, his complaint is not viable. It is well settled that "[t]here is no *respondeat superior* liability under § 1983." *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995) (*citing Monell v. Department of Social Services*, 436 U.S. 658, 690-92 (1978) and *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993), *cert. denied*, 510 U.S. 1164 (1994). Supervisory personnel may be held accountable for the constitutional violations of their subordinates only upon proof that they (1) were directly involved in the wrongdoing; (2) failed to remedy a wrong after learning of it through report or appeal; (3) created or allowed a policy under which the violation occurred; or (4) were grossly negligent in managing the subordinates who caused the wrongdoing. *Williams v. Smith,* 781 F.2d 319, 323 (2d Cir. 1986).

The plaintiff asserts no facts which would show that the remaining defendants were linked to the alleged violation in any of the ways described above.   As such, they are due to be dismissed from this action.

## IV.  Recommendation

Accordingly, for the reasons stated above, the magistrate judge **RECOMMENDS** that all claims against defendants Warden Cheryl Price, Warden Cedric Specks, Warden Lloyd Hicks, former Alabama Department of Corrections Commissioner Kim Thomas, and Governor Robert Bentley be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2).

The magistrate judge further **RECOMMENDS** that the Eighth Amendment claim against defendants Hill and Hart be **REFERRED** to the undersigned magistrate judge for further proceedings.

## V.  Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation within fourteen (14) days from the date it is filed in the office of the clerk.  **Any objections to the failure of the magistrate judge to address any contention raised in the complaint also must be included.**  Failure to do so will bar any later challenge or review of the factual findings of the magistrate judge, except for plain error.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, (1985),

*reh'g denied*, 474 U.S. 1111 (1986); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013).

To challenge the findings of the magistrate judge, the plaintiff must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  Any objections to the failure of the magistrate judge to address any contention raised in the complaint also must be included.  Objections not meeting the specificity requirement set out above will not be considered by a district judge.  The filing of objections is not a proper vehicle to make new allegations or present additional evidence.  Furthermore, it is not necessary for the plaintiff to repeat legal arguments in objections.

The plaintiff may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

DONE this 17th day of June, 2015.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE